UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| Puerto Rico Ports Authority; MAPFRE PRAICO Insurance Co.<br><br>**Plaintiffs**<br><br>v.<br><br>The P/V Norwegian Epic, *et al.*<br><br>**Defendants** | **CIVIL NO. 21-1056 (RAM)** |
| NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, *et al.*<br><br>**Plaintiffs/Crossclaim Plaintiffs**<br><br>v.<br><br>McAllister Towing and Transportation Co., Inc., *et al.*<br><br>**Defendants/Crossclaim Defendants** | **CIVIL NO. 21-1069 (RAM)** |

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are co-defendants and cross-plaintiffs NCL (Bahamas) LTD. and Norwegian EPIC, LTD's (collectively, "NCL") *Motion to Compel Compliance with Non-party Subpoena Duces Tecum* ("*Motion to Compel*") and non-party Del Valle Group, SP's ("DVG") *Opposition* thereto. (Docket Nos. 141 and 142, respectively). For the reasons discussed below, the court **GRANTS** NCL's *Motion to Compel* at Docket No. 141.

Case 3:21-cv-01056-RAM   Document 164   Filed 07/12/22   Page 2 of 7

Civil No. 21-1056 (RAM)                                                    2

## I.  BACKGROUND

These consolidated cases arise from an allision which occurred on February 12, 2019, when a Norwegian Cruise Line vessel struck the Puerto Rico Ports Authority's ("PRPA") Pier 3 in San Juan while a harbor pilot was on board and the vessel was being assisted by tugboats. (Docket Nos. 1 ¶¶ 20-3; 18 ¶¶ 12-24). Plaintiffs PRPA and its Insurer, MAPFRE PRAICO Insurance Company ("MAPFRE"), (collectively, "PRPA") seek to recover damages for business interruption and property damage from NCL; McAllister Towing and Transportation Company, Inc. ("McAllister Towing"); McAllister Brothers LLC ("McAllister Brothers"); the tug Beth M. McAllister; the tug Dorothy M. McAllister; and Capt. Carlos Ramos (collectively, "Defendants"). (Docket No. 141). On their part, co-defendant and cross-plaintiff NCL sued McAllister Towing; McAllister Brothers; the tugs Beth M. McAllister and Dorothy M. McAllister, in rem; San Juan Bay Pilots Corp.; and Capt. Carlos Ramos for damages sustained to the P/V Norwegian Epic allegedly caused by their negligence. (Docket No. 18).

The current dispute concerns NCL's *Motion to Compel* DVG's compliance with a non-party subpoena duces tecum. (Docket No. 141). DVG had the winning bid to reconstruct Pier 3 after the accident. Id. at 2-3. NCL maintains that the reconstruction costs are excessive and as a result, issued a subpoena duces tecum compelling DVG to produce "[a]ll documents concerning any bid [DVG] made for

work performed on Pier 3 or if [DVG was] not subject to a bid, documents reflecting how [DVG] became involved in the design, redesign and or construction of Pier 3." (Docket Nos. 141 at 20, 141-2 ¶ 21). NCL contends that the bid documents are the foundation of PRPA's claim for at least $9 million in damages relating to the cost of repair and construction of Pier 3. Id. Moreover, NCL argues that the requested documents are relevant to their affirmative defenses to reduce and/or apportion PRPA's alleged damages, including: affirmative defense number 8 denying that NCL caused or contributed to Plaintiff's damages; affirmative defense number 10 asserting that if found liable, damages should be appropriately apportioned between the at-fault parties; and affirmative defense number 11 maintaining that Plaintiff's damages should be reduced based on Plaintiff's contributory negligence. Id. at 10. NCL filed the pending *Motion to Compel* due to DVG's failure to reply to the subpoena.

DVG filed an *Opposition to [NCL]'s Motion to Compel Compliance with Non-Party Subpoena Duces Tecum and Cross Motion to Strike or Deny the Motion to Compel for Failure to Comply with the Local Rules or in the Alternative, Motion to Quash and Requesting Issuance of a Protective Order.* (Docket No. 142).[1] Therein, DVG

---

[1] The Court need not address DVG's claim that the *Motion to Compel* exceeded the page limits established by L. Civ. R. 7(e) in light of the Court's subsequent order at Docket No. 150 retroactively granting NCL's request for leave to file excess pages.

argues that the request for documents is irrelevant, excessive, and seeks the discovery of trade secrets and confidential information used to calculate bid figures. Id.

## II. LEGAL STANDARD

To compel non-parties to produce documents, a movant must serve the non-party with a subpoena pursuant to Fed. R. Civ. P. 45. *See* Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 165 (D.P.R. 2010). Rule 45 allows a party or attorney to issue third-party subpoenas if they:

> [T]ake reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diagnostic Corp., 2020 WL 12604854, at *2 (D.P.R. 2020) (quoting Fed. R. Civ. P. 45(d)(1))). A Rule 45 subpoena is subject to the scope of discoverable information set forth in Fed. R. Civ. P. 26 (b)(1). *See* Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D. Mass. 2021). This rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Additionally, Fed. R. Civ. P. 45(d)(3)(B)(i) authorizes courts to "quash or modify the subpoena

if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information[.]" Alternatively, , rather than quashing or modifying such a subpoena, the court may order the appearance or production of trade secrets or other confidential information "under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship[.]" Fed. R. Civ. P. 45(d)(3)(C)(i).

### III. DISCUSSION

The Court finds NCL has met its burden under Fed. R. Civ. P. 45 by showing a "substantial need" for the documents requested via the non-party subpoena duces tecum. Contrary to DVG's allegations, NCL has shown that the requested discovery is relevant to the case at bar and to several key affirmative defenses they have raised. Specifically, DVG's calculations regarding the costs associated with repairing Pier 3 following the allision are relevant to damages apportionment between NCL and PRPA. (Docket No. 141).

In addition to their relevancy, other unique circumstances of this case make the production of the requested documents proper. First, the scope of the request is **limited** and tailored to the specific needs of the case, as it **only** seeks documents concerning DVG's winning bid and work related to the reconstruction of Pier 3. (Docket Nos. 141 at 20, 141-2 ¶ 21). *Cf.* Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 40-42 (1st Cir.

2003) (affirming the district court's conclusion that a subpoena served in 2001 requesting all documents received, reviewed or generated by a non-party since 1991 relating to any business affiliation with the plaintiff was unduly burdensome and overly broad).

Second, NCL is **not DVG's competitor**. *Cf*. TYR Tactical, LLC v. Protective Prod. Enterprises, LLC, 2016 WL 10647314, at *3 (S.D. Fla. 2016) ("[T]he subpoena should be quashed because it requests the disclosure of [a non-party]'s confidential and proprietary information to a direct competitor[.]"). The requested documents are only relevant to NCL for the purposes of calculating damages in this case and will not provide NCL a business advantage over DVG.

Lastly, the parties have already agreed to a detailed confidentiality agreement and protective order. (Docket No. 133). Said order applies equally to information produced by a non-party in this action and will suffice to protect DVG's information. Id. at 10-12. Thus, DVG's concern that the subpoena seeks the discovery of trade secrets and confidential information is insufficient to warrant a denial of the pending *Motion to Compel*.

## IV. CONCLUSION

As the Supreme Court has indicated, "there is no absolute privilege for trade secrets and similar confidential information." Federal Open Market Committee v. Merrill, 443 U.S.

340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979) (quoting 8 C. Wright and A. Miller, Fed. Practice and Procedure § 2043 at 300 (1970)). Given the circumstances of this case, the Court hereby **GRANTS** NCL's *Motion to Compel* at Docket No. 141 and **DENIES** DVG's *Opposition* at Docket No. 142. Within **ten (10) days** of this order, DVG **SHALL** produce "[a]ll documents concerning any bid [DVG] made for work performed on Pier 3 or if [DVG was] not subject to a bid, documents reflecting how [DVG] became involved in the design, redesign and or construction of Pier 3."

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge